## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HUMBERTO HERNANDEZ, <br><br>            Petitioner, <br><br> vs. <br><br> WARDEN JAMES HAVILAND, <br><br>            Respondent. | CASE NO. 1:20-CV-00771 <br><br> DISTRICT JUDGE DAVID A. RUIZ <br><br> MAGISTRATE JUDGE AMANDA M. KNAPP <br><br> **REPORT & RECOMMENDATION** |

Petitioner Humberto Hernandez brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  (ECF Doc. 1 ("Petition").)  Mr. Hernandez filed his counseled Petition on April 9, 2020.  (*Id*.)  His Petition relates to his convictions for multiple counts of rape, gross sexual imposition, and kidnapping and life sentence with possibility of parole after twenty-five years in Cuyahoga County Common Pleas Court Case No. CR-17-614400, *State of Ohio v. Humberto Hernandez* following a jury trial.  (ECF Doc. 1, p. 1; ECF Doc. 6-1, pp. 24-25, 83.)  Respondent filed an Answer/Return of Writ (ECF Doc. 6), Petitioner filed a Traverse (ECF Doc. 8), and Respondent filed a Reply (ECF Doc. 9).

This matter was reassigned to the undersigned Magistrate Judge pursuant to General Order 2021-15.  For the reasons set forth in further detail herein, the undersigned finds dismissal of the Petition is warranted because the claims in Grounds One and Two have been procedurally defaulted.  Accordingly, the undersigned recommends that the Court **DISMISS** the Petition with prejudice.  In the alternative, the undersigned recommends that the Court **DISMISS** Ground One because it is not cognizable and/or **DENY** Ground One on its merits.

1

# I.      Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Eighth District Ohio Court of Appeals summarized the facts underlying Mr. Hernandez' conviction and sentence as follows:

> {¶ 1} A jury found defendant-appellant Humberto Hernandez guilty of committing multiple counts of rape, kidnapping, and gross sexual imposition against a girl and boy siblings, both of whom were under 13 years of age at the time the offenses occurred. The victims were the stepchildren of Hernandez's son. The victims and their parents lived with Hernandez at the time the crimes were committed. The girl testified that Hernandez vaginally raped her, digitally raped her, and forced her to touch his penis as he watched pornography. The boy testified that he was made to touch Hernandez's penis and that Hernandez then touched the boy's penis.

*State v. Hernandez*, 2018-Ohio-5031, ¶ 1, 2018 WL 6620198, * 1 (Ohio App. Ct. 2018); (ECF Doc. 6-1, p. 83.)

# II.      Procedural Background

## A.      State Court Conviction

On March 29, 2017, a Cuyahoga County Grand Jury indicted Mr. Hernandez on four counts of rape (counts 1, 4, 7, and 10), five counts of gross sexual imposition (counts 2, 5, 8, 13, and 17), seven counts of kidnapping with sexual motivation specifications (counts 3, 6, 9, 11, 14, 16, and 18), and two counts of attempted rape (counts 12 and 15).  (ECF Doc. 6-1, pp. 4-12.) Mr. Hernandez pleaded not guilty to the indictment.  (*Id*. at p. 13.)

Mr. Hernandez requested an examination by the court psychiatric clinic to determine eligibility for the mental health docket (ECF Doc. 6-1, pp. 14-16), and the trial court referred him to the court psychiatric clinic for examination on April 15, 2017 (*id.* at p. 17).  Mr. Hernandez' case was transferred to the mental health docket on May 25, 2017.  (*Id.* at p. 18.)  On June 8, 2017, Mr. Hernandez was found incompetent to stand trial and ordered to in-patient treatment for competency restoration.  (*Id.* at pp. 19-20.)  On August 17, 2017, Mr. Hernandez was determined to be competent to stand trial.  (*Id.* at p. 21.)

The case proceeded to a jury trial on November 13, 2017, continuing through jury verdict and sentencing on November 16, 2017.  (ECF Doc. 6-2, pp. 18-191; ECF Doc. 6-3, pp. 4-237; ECF Doc. 6-4, pp. 4-220.)  At the close of the State's case, Mr. Hernandez moved for dismissal of counts 4, 5, 10, 11, 12, 13, 14, 15, and 16 pursuant to Rule 29. (ECF Doc. 6-4, p. 80.)  The trial court granted the motion as to counts 4, 5, 10, 11, 12, 13, 14, and 15, but denied the motion as to count 16.  (ECF Doc. 6-1, p. 22; ECF Doc. 6-4, pp. 80-82.)  Mr. Hernandez was found guilty on the remaining ten counts.  (ECF. Doc. 6-1, pp. 23-25.)  The trial court sentenced Mr. Hernandez to life with the possibility of parole after twenty-five years with a Tier III sex offender / child victim offender classification.  (*Id.* at pp. 24-25; ECF Doc. 6-4, pp. 216-19.)

**B.     Direct Appeal**

Mr. Hernandez filed a notice of appeal with the Eighth District Court of Appeals on December 7, 2017.  (ECF Doc. 6-1, pp. 26-29.)  He filed his appellate brief on March 12, 2018 (*id.* at pp. 30-55), raising the following assignments of error:

1.     The admission of other acts evidence pursuant to Evid. R. 404(B) was an abuse of discretion and did not constitute harmless error.

2.     Trial counsel's performance was so ineffective that it affected the outcome of the trial and violated defendant's Sixth Amendment rights.

3. The State elicited improper bolstering expert testimony from Detective Hartman without laying a proper foundation.

4. Defendant's conviction was against the manifest weight of the evidence.

5. Defendant's conviction was not supported by legally sufficient evidence.

(*Id*. at pp. 34, 40-54.)  The State filed its brief in opposition on April 30, 2018.  (*Id*. at pp. 56-80.) The appeals court affirmed the judgment of the trial court on December 13, 2018.  (Tr. 81-93.)

On January 25, 2019, Mr. Hernandez filed a notice of appeal with the Supreme Court of Ohio (ECF Doc. 6-1, pp. 94-96) and memorandum in support of jurisdiction (*id.* at pp. 97-122.) He raised one proposition of law:

1. The admission of other acts evidence pursuant to Evid. R. 404(B), without notice, was an abuse of discretion which deprived Appellant of a fair trial.

(*Id*. at pp. 98, 103-06.)  The State filed a memorandum in response to jurisdiction on February 25, 2019.  (*Id*. at pp. 123-31.)  On April 17, 2019, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Hernandez' appeal.  (*Id*. at p. 132.)

**C.   Federal Habeas Corpus Petition**

Mr. Hernandez raises two grounds for relief in his Petition:

**GROUND ONE**:

Denial of due process when decision was based on an unreasonable determination of facts in light of the evidence presented in the state proceedings.

**Supporting Facts**:

1) The Ohio Eighth District Court of Appeals decision erroneously classified Petitioner's objection as an objection under Evid. R. 401, when, in fact, it was an objection under Evid. R.404.

2) In its ruling, the Ohio Eighth District Court of Appeal's effectively eliminated Petitioner's appellate rights to challenge the validity of testimony presented at trial, which resulted in his conviction. The admission of this testimony was in error and denied Petitioner due process.

4

3) A federal court may permit re-litigation of a claim adjudicated on the merits in state court if the state adjudication resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2).

4) The petitioner must show more than an unreasonable determination of fact and must demonstrate that "the resulting state court decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242 (6th Cir.) citing *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011).

5) A reviewing court does not have to conclude that Petitioner's objection was based on Evid. R. 404, rather, this court must determine whether the Ohio Eighth District Court of Appeals' classification of Petitioner's objection as an objection under Evid. R. 401 was objectively unreasonable. (See *Haight v. White*, W.D.Kentucky No. 3:02-CV-00206-GNS-DW, 2017 U.S. Dist. LEXIS 132375 (Aug. 18, 2017) where petitioner challenged due process and specific enforcement of the plea agreement. The court reiterated that in determining habeas relief the question was not whether a breach of the plea agreement occurred, rather the question was whether the finding that no breach occurred was objectively unreasonable).

6) In Petitioner's case, it was an abuse of discretion for the Ohio trial court to admit other acts testimony under Evid. R. 404. And on appeal, it was unreasonable for the Ohio Eighth District Court of Appeals to classify Petitioner's objection as one under Evid. R. 401, as opposed to Evid. R. 404, thus barring the argument on appeal.

7) Testimony sought under Evid. R. 404, before being admissible, must be properly evaluated. Upon objection, the proponent of the evidence should be required to identify the specific purpose for which the other crimes, wrongs, or acts is being offered. U.S. Merriweather, 78 F.3d 1070 (6th Cir. 1996). The district court must then determine whether the identified purpose is material or is in issue in the case. *Id*. at 1076. Before admitting the other acts evidence, the court must determine whether the probative value of the evidence is outweighed by danger of unfair prejudice under Rule 403. *Id*. at 1077.

8) A review of the trial transcripts reveals the intention of Petitioner's objection. During its case in chief, the State of Ohio elicited testimony from C.S. regarding a litany of allegations outside of conduct charged in the indictment. Trial counsel objected several times throughout the testimony, specifically indicating the testimony was outside of what the state was alleging, and that the testimony was prejudicial. (Tr. p. 444).

9) The trial court admitted the testimony over Petitioner's objection. This testimony was extensive regarding unindicted conduct and was not relevant,

5

was not material to the issues of the case, and was extremely prejudicial to the determination of the case.

10) Based on the facts and events at the trial court, it was objectively unreasonable for the Ohio Eighth District Court of Appeals to classify Petitioner's objection as one under 401, as opposed to 404, and to conclude that Petitioner forfeited his right to argue Evid. R. 404(B) as a ground for appeal.

11) Petitioner was denied due process when improper other acts testimony was admitted at the trial court, and when his right to appeal based on his objection to the other acts testimony under 404(b) was mischaracterized and deemed "forfeited" by the Ohio Eighth District Court of Appeals.

**GROUND TWO**:  Denial of a fair and reliable trial due to ineffective assistance.

**Supporting Facts**:

12) Trial counsel was so ineffective that he did not live up to the standard of assistance of counsel as prescribed in the Sixth Amendment to the United States Constitution and as such deprived Petitioner of a fair and reliable trial. The Sixth Amendment states "[i]n all criminal prosecutions, the accused shall enjoy … the Assistance of Counsel for his defen[s]e."  The Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) has established the process by which courts are to decide ineffective assistance of counsel claims.

13) Under *Strickland* a defendant must first show that counsel's performance was so inadequate that counsel did not meet the standard set by the Sixth Amendment.  *Id*. at 687.  Second, a defendant must establish that counsel's inadequate performance deprived the defendant of a fair and reliable trial. *Id*.

14) In this case, trial counsel failed to move for the exclusion of evidence related to unindicted allegations prior to the start of trial. The trial court specifically stated that this evidence was known, stating: "I know you're not surprised by that because that's what – that's what has – she's talked about her entire time with the detectives as well." Tr. 445. Trial counsel clearly knew this evidence should not have been admitted, as he stated that C.S. had "already made testimony that isn't included in the indictment, which I believe would be prejudicial." Tr. 444. Despite knowledge that this evidence existed and was potentially damaging, trial counsel took no steps to exclude it prior to the start of trial.

15) Further compounding the error, trial counsel failed to cross-examine C.S. Although counsel's decisions as to the admission of evidence are generally considered strategic, trial counsel's decision not to cross-examine C.S. in this case rose to the level of ineffective assistance of counsel. *See Strickland*, *supra*. On direct examination, the State failed to elicit testimony from C.S. to

support eight of the counts. Those counts were subsequently dismissed pursuant to Ohio Crim. R. 29. Had trial counsel taken the opportunity to cross-examine C.S., he could have attacked the basis for the remaining counts. The trial court even noted multiple times at sidebar that it expected trial counsel to launch a zealous cross-examination. Tr. 445, 447, 449. Specifically, the trial court told trial counsel that he could "cross-examine the hell out of her and I suggest that that's what you do because it's her credibility you're attacking." Tr. 445-46. In failing to cross-examine C.S., trial counsel missed the only opportunity to challenge not only the remaining counts, but also the substantial and improper testimony as to the unindicted allegations.

16) Further, although trial counsel objected to C.S.'s testimony regarding unindicted incidents at the park, he failed to object to the additional testimony from I.S. and C.S. regarding unindicted conduct, despite later noting its obvious irrelevance. As argued *supra*, the testimony from I.S. and C.S. should not have been admitted. Trial counsel clearly knew this evidence was improper yet failed to object to the admission thereof until C.S.'s testimony regarding the unindicted allegations at the park. By failing to object to the full extent of the improper testimony, I.S. and C.S. were permitted to testify to a substantial number of unindicted instances unchallenged. This, coupled with trial counsel's failure to cross-examine C.S., furthered the State's improper narrative involving the unindicted allegations. This evidence was not inconsequential. Rather, it allowed improper insinuations and outright accusations to reach the jury. Without this evidence, the State would not have been able to prove, beyond a reasonable doubt, each and every element of each count in the indictment levied against Defendant.

17) Courts have found that even when counsel has a made a "reasonable" strategic choice in error, the error does not amount to a deficient performance. *United States v. Ramsey*, 323 F. Supp. 2d 27, footnote 2 (D. D. C. 2004), citing *Burger v. Kemp*, 483 U.S. 776, 794-95, 797, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987).

18) Trial counsel did not simply make "strategic" choices. Rather, he made a drastic error that prejudiced Petitioner's ability to attain a proper verdict from the jury hearing his case, and thus jeopardized the fairness and reliability of his trial.

19) *Strickland* requires that a defendant show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Applying this "but for" test to Petitioner's claim for ineffectiveness, a reasonable mind can only conclude that the result of his trial "would have been different," as a jury would have had accurate, consistent information and instructions to base its findings and apply the laws.

(ECF Doc. 1 pp. 5, 7; ECF Doc. 1-2, pp. 7-11.)

### III.     Law & Analysis

Respondent argues the Petition should be dismissed or denied because: (1) Mr. Hernandez procedurally defaulted his claims in Ground One and Ground Two (ECF Doc. 6, pp. 14-21; ECF Doc. 9, pp. 1-6); and (2) the claim in Ground Two is without merit (ECF Doc. 9, pp. 6-12).  In response, Mr. Hernandez argues that he did not procedurally default the claim in Ground One.  (ECF Doc. 8, pp. 7-8.)  Alternately, he asserts that even if the claim in Ground One was procedurally defaulted the Court should excuse the procedural default to avoid a fundamental miscarriage of justice.  (*Id*. at pp. 8-10.)  Mr. Hernandez does not offer argument in opposition to Respondent's argument that the claim in Ground Two was procedurally defaulted.

### A.     Standard of Review Under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies." *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  Further, if an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted unless the adjudication of the claim"

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007). The burden of proof rests with the petitioner. *See Cullen*, 563 U.S. at 181.

## B.     Claims in Grounds One and Two Were Procedurally Defaulted

Respondent argues that the Petition should be dismissed because the claims in both Grounds One and Two were procedurally defaulted. (ECF Doc. 6, pp. 14-21.) Mr. Hernandez argues in response that he did not procedurally default his claim in Ground One (ECF Doc. 8, pp. 7-8), but does not address the argument that he procedurally defaulted his claim in Ground Two. As to Ground One, he argues that the claim was properly preserved and adjudicated on the merits in state court, and alternately that this Court should excuse any procedural default in order to avoid a fundamental miscarriage of justice. (*Id*. at pp. 7-10.)

### 1.     Legal Standard for Procedural Default

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). To satisfy the fair presentation requirement, a habeas petitioner must present both the facts and legal theories

9

underpinning his claims to the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33-34 (2004); *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987).  A constitutional claim for relief must also be presented to the state's highest court to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A petitioner must also meet certain procedural requirements to have his claims reviewed in federal court.  *See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default applies rather than exhaustion.  *See Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  First, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*  In *Maupin v. Smith,* the Sixth Circuit articulated a four-prong analysis to be used when determining whether a claim is procedurally barred due to failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim, and whether petitioner failed to comply with that rule; (2) whether the state court enforced the

10

procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"  *See Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *State v. Moreland*, 552 N.E. 2d 894, 899 (Ohio 1990) (finding failure to present a claim to a state court of appeals constituted a waiver).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806.  Thus, even if the exhaustion requirement is technically satisfied because no state remedies remain available to the petitioner, the petitioner's prior failure to present those claims for consideration in state court may cause a procedural default that bars federal court review of the claims.  *See Williams,* 460 F.3d at 806 (citing *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).

To overcome procedural default, a petitioner must: (1) show cause for the default and demonstrate that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered. *See*

*Coleman*, 501 U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### 2.    Claim in Ground One Was Procedurally Defaulted

In Ground One, Mr. Hernandez argues that the state court of appeals' ruling on his challenge to the admission of "other acts evidence" at trial denied his due process rights.  (ECF Doc. 1-2, pp. 7-9; ECF Doc. 8, pp. 7-12.)  Specifically, he argues that the court erroneously classified his trial attorney's objection to that evidence as an objection under Evid. R. 401, when the objection was actually raised under Evid. R. 404.  (ECF Doc. 1-2, p. 7.)  He asserts that the appeals court "effectively eliminated [his] appellate rights to challenge the validity of testimony presented at trial, which resulted in his conviction."  (*Id.*; *see also* ECF Doc. 8, p. 5.)

Respondent argues that the claim in Ground One is procedurally defaulted because the appeals court was applying and enforcing a state procedural bar when it concluded that Mr. Hernandez had forfeited his ability to challenge the admission of other acts evidence at trial.  (ECF Doc. 6, pp. 14-20.)  Mr. Hernandez argues in response that "the issue at hand is not the application of a particular state rule, rather that its application resulted in a denial of due process, and whether the Ohio Eight[h] District Court of Appeals determination that Petitioner's claims were forfeited was unreasonable."  (ECF Doc. 8, p. 8.)

### i.    Challenged Finding by State Court of Appeals

Mr. Hernandez challenged the trial court's admission of other acts evidence under Ohio Evid. R. 404(B) on direct appeal in his first assignment of error.  (ECF Doc. 6-1, pp. 40-46.)  The Ohio Court of Appeals addressed his challenge, concluding that Mr. Hernandez "forfeited the right to argue Evid.R. 404(B) as a ground for appeal."  *Hernandez*, 2018 WL 6620198, * 2; (ECF Doc. 6-1, p. 85.)  In reaching its determination, the court explained:

{¶ 3} Apart from giving testimony directly related to the specific counts of the indictment, the girl testified that Hernandez took her and her brother on bicycle rides to a local park, and on one such occasion, he put his hands down her pants and digitally penetrated her. Hernandez objected on grounds that the indictment did not contain any charges relating to the incident in the park. He further complained that the girl had testified that "almost every day" Hernandez would wait for her to come home from school and make her stroke his penis while he watched pornography. The court said that "child sexual assault is a very fluid sort of thing[,]" and that Hernandez had the power to cross-examine the girl on her credibility. It stressed that "this is a pattern of conduct and this pattern of conduct is clearly pervasive based on her testimony." Hernandez argues that the girl's testimony was irrelevant other acts testimony admitted in violation of Evid.R. 404(B).

{¶ 4} "It is hornbook law that a defendant may not on appeal urge a new ground for his objection." *State v. Milo*, 10th Dist. Franklin No. 81AP-746, 1982 Ohio App. LEXIS 12440, 15 (Sep. 30, 1982), citing *Yuin v. Hilton*, 165 Ohio St. 164, 134 N.E.2d 719 (1956). This is because a party objecting to the admission of evidence must state the specific ground of objection at the time a ruling admitting evidence is made. *See* Evid.R. 103(A)(1); *State v. Bentz*, 2017-Ohio-5483, 93 N.E.3d 358, ¶ 127 (3d Dist.).

{¶ 5} Hernandez did not use Evid.R. 404(B) as grounds for objecting to the girl's testimony — defense counsel stated that "I was objecting because it's outside of the confines of what they're trying to prove." This objection on grounds of relevancy does not trigger Evid.R. 404(B), which prohibits proof of a defendant's uncharged wrongful acts for the purpose of establishing his propensity to commit the charged offense, but allows the court to admit such evidence for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. To be sure, the text of Evid.R. 404(B) states that evidence of other acts "may be relevant" for proving "motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question." But Hernandez's objection was so general that at no point in the sidebar conference at which the parties discussed the objection did Hernandez mention Evid.R. 404(B) and other acts evidence. We can only conclude that the objection was based on Evid.R. 401, which states that "relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

{¶ 6} In addition, the record shows that Hernandez did not ask the court to instruct the jury on the use of other acts evidence under Evid.R. 404(B), nor did the court give an other acts evidence instruction on its own initiative. Hernandez forfeited the right to argue Evid.R. 404(B) as a ground for appeal.

*Hernandez*, 2018 WL 6620198, * 1-2; (ECF Doc. 6-1, pp. 83-85.)

### ii.    Petitioner Failed to Comply with State Procedural Rules

The first way a petitioner may procedurally default is by failing "to comply with state procedural rules in presenting his claim to the appropriate state court."  *See Williams*, 460 F.3d at 806.  This is the basis upon which Respondent argues Mr. Hernandez has procedurally defaulted Ground One of the Petition.  To assess procedural default on this standard, courts in the Sixth Circuit apply the four-prong *Maupin* analysis.  *See id.* at 807 (citing *Maupin*, 785 F.2d at 138).

Under the first prong of the *Maupin* analysis, this Court must determine whether Mr. Hernandez failed to comply with a state procedural rule.  *See* 785 F.2d at 138.  The first prong is met here because, as the state court of appeals held, Mr. Hernandez waived any objection to other acts evidence under Evid. R. 404(B) by failing to raise that specific objection at trial.

"The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review." *State v. Murphy,* 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001).  Thus, "[e]rror that is not specifically objected to at trial is waived." *State v. Brown*, 38 Ohio St. 3d 305, 312, 528 N.E.2d 523, 534 (1988); *see also Condon v. Wolfe,* 310 F. App'x 807, 813 (6th Cir. 2009) (same) (quoting *Brown*, 38 Ohio St.3d 305); *Nicholson v. Gray*, No. 5:18 CV 379, 2019 WL 6498905, at *8 (N.D. Ohio Sept. 17, 2019) ("Under Ohio's contemporaneous objection rule, any error not objected to at trial is waived absent plain error."), *report and recommendation adopted,* No. 5:18-CV-379, 2019 WL 6493920 (N.D. Ohio Dec. 3, 2019).  While Mr. Hernandez challenged the admission of the "other acts" evidence under Evid. R. 404(B) in his direct appeal (ECF Doc. 6-1, pp. 40-46), he only made a general objection at trial that the testimony did not relate to the indicted charges and was prejudicial. *See Hernandez*, 2018 WL 6620198, * 1; (ECF Doc. 6-1, pp. 84-85; ECF Doc. 6-4, pp. 20-28).  By not specifically objecting on the basis on Evid. R. 404(B), Mr. Hernandez failed to comply with Ohio's contemporaneous objection rule.

14

Under the second prong of the *Maupin* analysis, this Court must determine whether the state enforced its procedural rule.  *See* 785 F.2d at 138.  The second prong is met in this case, as the state court of appeals enforced Ohio's contemporaneous objection rule when it held that Mr. Hernandez forfeited his right to challenge the admission of evidence under Evid. R. 404(B) because the objection he raised at trial was not a specific objection under Evid. R. 404(B).  *See Hernandez*, 2018 WL 6620198, * 1-2; (ECF Doc. 6-1, pp. 84-85).

Under the third prong of the *Maupin* analysis, this Court must determine whether the procedural rule establishes an adequate and independent state law ground under which the claim may be procedurally defaulted.  *See* 785 F.2d at 138.  The Sixth Circuit has held that Ohio's contemporaneous objection rule is an adequate and independent state ground for precluding federal habeas review.  *See Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("We have held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice.") (citations omitted).  Thus, the third prong of the *Maupin* analysis has also been met.  *See* 785 F.2d at 138.

Mr. Hernandez does not present argument regarding the application of the first three *Maupin* prongs, instead asserting that there was no procedural default because "the issue at hand is not the application of a particular state rule, rather that its application resulted in a denial of due process, and whether the Ohio Eight[h] District Court of Appeals determination that Petitioner's claims were forfeited was unreasonable."  (ECF Doc. 8, p. 8.)  Effectively, he seems to argue that procedural default does not apply when the state court's application of its own procedural rule is the alleged constitutional violation challenged in the Petition.  This argument is not supported by applicable law.

15

In this habeas proceeding, "a determination of a factual issue made by a State court [is] presumed to be correct" and Mr. Hernandez bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This Court also must "not . . . second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *see also Suny v. Pennsylvania*, 687 F. App'x 170, 175 (3d Cir. 2017) ("[F]ederal courts generally will not consider whether the state court properly applied its own default rule to the petitioner's facts.") (citing and collecting cases, including *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").)  As explained by one court in the Sixth Circuit:

> Ohio is perfectly free to construe its own contemporaneous objection rule to require specificity in the objection. It would defeat the purpose of the contemporaneous objection rule to allow a litigant to preserve any and all . . . objections by merely saying "Objection. . . .," and leaving the trial judge to speculate, at peril of reversal, what actual objection is being made. In any event, the question of how specific an objection must be is a question of state law on which this Court is bound by decisions of the Ohio courts, including those made in the case in suit.

*Cappadonia v. Brunsman*, No. 1:11-CV-346, 2012 WL 1020280, at *13 (S.D. Ohio Mar. 26, 2012), *supplemented,* No. 1:11-CV-346, 2012 WL 2341861 (S.D. Ohio June 20, 2012), *report and recommendation adopted,* No. 1:11CV0346 WOB-MRM, 2012 WL 2899332 (S.D. Ohio July 13, 2012). Only "when the record reveals that the state court's reliance upon its own rule of procedural default [was] misplaced," has the Sixth Circuit indicated possible reluctance "to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded."  *Greer*, 264 F.3d at 675).

Here, the court of appeals found the objection raised by Mr. Hernandez' trial counsel lacked the specificity required to preserve a challenge to the admission of "other acts" evidence under Evid.R. 404(B).  *See Hernandez*, 2018 WL 6620198, * 1-2; (ECF Doc. 6-1, pp. 83-85.)

16

The state court of appeals clearly explained its reasons for finding a waiver and the undersigned finds those reasons are supported by the record. Further, the undersigned finds the state court's reliance on Ohio's contemporaneous objection rule was not misplaced given the lack of specificity accompanying Mr. Hernandez' objection at trial. (ECF Doc. 6-4, pp. 20-28.) Thus, there is no basis for this Court to second-guess the state court's application of Ohio's procedural rules, and the undersigned finds the first three *Maupin* prongs are met.

### iii. Procedural Default Should Not Be Excused

If the first three prongs are met, the fourth prong of the *Maupin* analysis asks whether the procedural default should be excused. *See* 785 F.2d at 138. To excuse his procedural default, Mr. Hernandez must: (1) show cause for the default and demonstrate that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered. *See Coleman*, 501 U.S. at 750.

To establish "cause" to excuse procedural default, a petitioner must point to "something external . . . that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Ordinarily, he must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Mr. Hernandez does not argue that the default should be excused based on ineffective assistance of counsel or something otherwise external and not fairly attributed to him. (ECF Doc. 8, p. 8.) Thus, he has failed to establish cause and prejudice to excuse the default.

Mr. Hernandez argues instead that this Court should excuse his default based on the fundamental miscarriage of justice exception. (ECF Doc. 8, pp. 8-10.) Despite precedent holding that "[a] fundamental miscarriage of justice results from the conviction of one who is 'actually innocent,'" *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496), Mr.

17

Hernandez argues that he does not have to demonstrate actual innocence to fall within this exception.  (ECF Doc. 8, p. 8.)  Instead, he argues that he need only "demonstrate a sufficient probability that failure to review the federal claim would result in a fundamental miscarriage of justice," and that it would be a miscarriage of justice for this Court not to hear the claim in Ground One because "[t]he jury in [his] case was permitted to hear evidence and testimony regarding uncharged conduct that certainly had a prejudicial impact on the outcome of the case." (*Id.* at p. 8-9.)  Respondent responds that Mr. Hernandez cannot avail himself of the fundamental miscarriage of justice exception to excuse his procedural default "absent a convincing showing of actual innocence."  (ECF Doc. 9, p. 4.)

The Supreme Court has explained that: "the fundamental miscarriage of justice exception seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, [the] [Supreme] Court [has] explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Id.* at 322; *Toliver v. Forshey*, No. 22-3627, 2023 WL 355428, at *3 (6th Cir. Jan. 6, 2023) ("A fundamental miscarriage of justice requires a showing of actual innocence.") (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004)), *cert. denied,* 143 S. Ct. 1097 (2023); *see also Gibbs v. U.S.*, 655 F.3d 473, 477 (6th Cir. 2011) (explaining that "'actual innocence' is an extremely narrow exception, and 'claims of actual innocence are rarely successful'") (citing and quoting *Schulp*, 513 U.S. at 324).

For an actual innocence claim to be credible, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  He must further "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.  This standard is intended to permit petitioners with "truly extraordinary" cases a "meaningful avenue by which to avoid a manifest injustice." *Id.* (internal quotations omitted).  Notably, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Considering the foregoing, the undersigned concludes that the procedural default of the claim in Ground One cannot be excused under the fundamental miscarriage of justice exception because Mr. Hernandez has not established a credible claim of actual innocence and presents no new reliable evidence that was not presented at trial.

For the reasons set forth above, the undersigned finds the claim in Ground One was procedurally defaulted, and Mr. Hernandez has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse that default.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground One with prejudice.[1]

### 3.    Claim in Ground Two Was Procedurally Defaulted

The second way a petitioner may procedurally default is by "failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848).  This is the basis on which Respondent argues Mr. Hernandez has procedurally defaulted Ground Two of the Petition.  (ECF

---

[1] Even if the due process claim in Ground One were not procedurally defaulted, the undersigned finds in Section III.C., *infra*, that the claim should be dismissed as not cognizable and/or denied on the merits.

Doc. 6, pp. 20-21.)  Mr. Hernandez does not respond to this procedural default argument or present any argument as to Ground Two in his Traverse.

On federal habeas review, a district court cannot consider issues that were not presented at every level of the Ohio state court system.  *See Baston*, 282 F.Supp.2d at 661.  A petitioner must therefore fully pursue a claim "through the state's 'ordinary appellate review procedures'" or risk procedural default.  *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806.

In Ground Two, Mr. Hernandez asserts that his trial counsel provided constitutionally ineffective assistance because he failed to move for the exclusion of evidence related to unindicted allegations and failed to cross examine C.S.  (ECF Doc. 1-2, pp. 9-11.)  While Mr. Hernandez raised a claim for ineffective assistance of trial counsel in his direct appeal to the Ohio Eighth District Court of Appeals (ECF Doc. 6-1, p. 34), the only proposition of law presented in his subsequent appeal to the Supreme Court of Ohio was that "[t]he admission of other acts evidence pursuant to Evid.R. 404(B), without notice, was an abuse of discretion which deprived Appellant of a fair trial."  (ECF Doc. 6-1, p. 98.)   Since Mr. Hernandez did not present his ineffective assistance of counsel claim to the Supreme Court of Ohio in his direct appeal and there is no avenue for him to now present his claim in state court, the undersigned concludes that the claim in Ground Two was procedurally defaulted.  *See Williams*, 460 F.3d at 806.

Mr. Hernandez does not argue cause and prejudice to excuse his procedural default of Ground Two.  To the extent he seeks to excuse the procedural default on the basis of the fundamental miscarriage of justice exception, he has not presented a credible claim of actual innocence, as discussed in Section III.B.2.iii, *supra*.

For the reasons set forth above, the undersigned finds that the claim in Ground Two was procedurally defaulted, and Mr. Hernandez has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Accordingly, the undersigned recommends that the Court **DISMISS** Ground Two as procedurally defaulted.

## C.     Claim in Ground One is Non-Cognizable and Without Merit

Mr. Hernandez argues that he preserved in his direct appeal his claim in Ground One that the admission of other acts evidence violated his due process right to receive a fair trial and the Court should grant him federal habeas relief on that basis.  (ECF Doc. 8, p. 8.)  Assuming *arguendo* that Mr. Hernandez did not procedurally default Ground One, Respondent contends that his due process challenge to the admission of uncharged act testimony should be denied as it is not cognizable and without merit.  (ECF Doc. 9, pp. 6-12.)

For the reasons explained below, if the Court finds the claim in Ground One was not procedurally defaulted, the undersigned concludes that Ground One should also be **DISMISSED** to the extent that Mr. Hernandez seeks to challenge a state law evidentiary ruling and should be **DENIED** on the merits to the extent that Mr. Hernandez contends the state court's evidentiary rulings violated his due process rights.

### 1.     Federal Habeas Relief Based on State Law Evidentiary Rulings

As a general matter, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of

state law[.]"); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (internal citation omitted)).

A "state appellate court's interpretation of its own law and evidentiary rules, 'including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Chambers v. Artis*, No. 22-1247, 2022 WL 18542503, at *2 (6th Cir. Nov. 3, 2022), *cert. denied,* 143 S. Ct. 993 (2023) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam)); *see also Small v. Brigano,* No. 04-3328, 134 F. App'x 931, 936 (6th Cir. June 17, 2005) (indicating that habeas courts presume that the Ohio state courts correctly interpret Ohio evidence law in their evidentiary rulings). Thus, "[i]n general, alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw,* 699 F.3d 908, 923 (6th Cir. 2012).

It is only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, [that] it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). "[C]ourts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Bugh*, 329 F.3d at 512 (citing *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)); *see also Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) ("Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (bracket in original)).

## 2. Ground One is Non-Cognizable on Federal Habeas Review

In Ground One, Mr. Hernandez claims that the state trial court abused its discretion when it allowed the admission of other acts evidence under Evid.R. 404(B), and that the state appellate

court unreasonably held he did not preserve his ability to challenge the admission of other acts evidence under Evid.R. 404(B).  (ECF Doc. 1-2, pp. 7-9.)  To the extent Mr. Hernandez seeks federal habeas relief on the basis that the evidentiary rulings of the state trial or appeal court were contrary to state evidentiary rules, he fails to state a cognizable claim upon which federal habeas relief may be granted.  As explained above, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.  Thus, "alleged errors in evidentiary rulings by state courts are [generally] not cognizable in federal habeas review."  *Moreland,* 699 F.3d at 923.  Accordingly, if the Court finds the claim in Ground One was not procedurally defaulted, the undersigned recommends that the Court **DISMISS** Ground One as not cognizable.

### 3.      Ground One is Without Merit

Mr. Hernandez asserts that his due process rights were violated as a result of the state courts' evidentiary rulings which allowed for the admission of other acts evidence, arguing that the state court of appeals' determination that he forfeited his ability to challenge the admission of other acts evidence under Evid.R. 404(B) was unreasonable because the trial transcript reveals that he intended to object based on Evid.R. 404(B), not under Evid.R. 401.  (ECF Doc. 1-2, p. 6, ¶¶ 6, 8 (citing Tr. 444 (ECF Doc. 6-4, p. 22).)  The portion of the trial transcript pointed to by Mr. Hernandez includes the following objection raised at side bar:

> There's nothing in the indictment about any sort of assault, anything that happened ever on a bike path in Brookside Park, anything of that sort.  She's already made testimony that isn't included in the indictment, which I believe would be prejudicial.

(ECF Doc. 6-4, p. 22.)  The side bar discussion continued without a specific mention or reference to Evid.R. 404(B) as the basis for the objection.  (*Id*. at 23-28.)  Having reviewed the cited portion of the trial transcript, the undersigned cannot conclude that the state court of appeals

23

unreasonably determined that the objection was not sufficiently specific to preserve a challenge under Evid.R. 404(B).  (ECF 6-1, p. 85.)

Additionally, Mr. Hernandez has not shown that the state court of appeals' adjudication resulted in a decision that was contrary to or an unreasonable application of clearly established federal law.  He has not shown that admission of the other acts evidence falls within the narrow "category of infractions that violate 'fundamental fairness.'" *Bugh*, 329 F.3d at 512.  Indeed, as the Sixth Circuit has explained: "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh*, 329 F.3d at 512; *see also Thomas v. Schiebner*, No. 22-1420, 2022 WL 16755574, at *1 (6th Cir. Oct. 6, 2022) (recognizing there "is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence" and denying certificate of appealability as to claim that trial court abused its discretion in admitting evidence of other uncharged acts) (quoting *Bugh*, 329 F.3d at 512); *Chambers*, 2022 WL 18542503, at *2 (denying certificate of appealability as to claim that trial court improperly admitted propensity evidence).

Given the deferential standard of review for federal habeas cases, the undersigned finds the state court of appeals' determination was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of facts in light of the evidence presented in State court.  Accordingly, if the Court finds the claim in Ground One was not procedurally defaulted, the undersigned recommends in the alternative that the Court **DENY** Ground One on the merits.

## IV.    Recommendation

For all the reasons set forth above, the undersigned recommends that the Court **DISMISS** the Petition with prejudice because Grounds One and Two are procedurally defaulted.  In the alternative, the undersigned recommends that the Court **DISMISS** Ground One because it is not cognizable and/or **DENY** Ground One on its merits.

Dated: July 5, 2023

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).