UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUMBERTO HERNANDEZ, | ) | CASE NO. 1:20-cv-00771 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN JAMES HAVILAND, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 10).[1] Petitioner Humberto Hernandez, represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 9, 2020. (R. 1). On August 12, 2020, Respondent Warden James Haviland filed the Return of Writ. (R. 6). On October 23, 2020, Petitioner, through counsel, filed the Traverse to the Return. (R. 8). Respondent filed a Reply to the Traverse on November 2, 2021, after being instructed to do so by the Magistrate Judge. (R. 9).

On July 5, 2023, the Magistrate Judge issued her Report and Recommendation (R&R) that recommended the Court dismiss the petition as procedurally defaulted. (R. 10). Alternatively, the Magistrate Judge recommended that ground one of the petition be dismissed as raising a non-cognizable claim or denied on the merits. *Id*. (R. 10, PageID# 900-903). On August 17, 2023, Petitioner, through counsel, timely filed Objections to the R&R after receiving an

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

extension of time to do so. (R. 12). Respondent has not responded to those Objections.

## I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## II. Factual and Procedural Background

Petitioner's objections acknowledge that the R&R "sets forth an accurate and thorough recitations of the procedural history, underlying facts, and relevant law." (R. 12, PageID# 909). Thus, the Court adopts the R&R's factual background and procedural background of this case (R. 10, PageID# 881-883).

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Hernandez's Petition raised two grounds for relief: (1) "Denial of Due Process when Appellate Court's Decision was Based on an Unreasonable Determination of the Facts in Light of the Evidence Presented in the State Court Proceeding;" and (2) "Denial of a Fair and Reliable Trial Due to Ineffective Assistance of Coun[sel] as Prescribed by the Sixth Amendment to the United States Constitution." (R. 1, PageID# 5, 7; R. 1-2, PageID# 24, 26).

The R&R thoroughly analyzed both grounds for relief and found that both grounds were procedurally defaulted. (R. 10, PageID# 880). Alternatively, with respect to ground one, the R&R determined that ground one failed to raise a cognizable claim. *Id*. at PageID# 901-902. Finally, the R&R found that ground one should be denied even considering the merits of the claim. (R. 10, PageID# 902-903). The Court addresses the two grounds for relief in inverse order.

**1. Ground Two**

Petitioner, through counsel, filed objections on August 17, 2023. (R. 12). The filing, however, does not raise any objection with respect to Magistrate Judge's determination that ground two is procedurally defaulted. *Id*. Because no objection has been lodged with respect to ground two, this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the R&R.

The R&R noted that Hernandez raised a claim for ineffective assistance of trial counsel, before the state appellate court, that argued counsel should have moved for the exclusion of

3

certain evidence and also that counsel should have cross-examined witness C.S. (R. 10, PageID# 899; R. 6-1, Exh. 11, PageID# 106-108). However, the R&R accurately noted that such a claim was absent from Hernandez's direct appeal from the Ohio Eighth District Court of Appeals to the Supreme Court of Ohio. (R. 10, PageID# 899).[2] The R&R concluded that Hernandez's failure to present an ineffective assistance of counsel claim to the Supreme Court of Ohio rendered ground two procedurally defaulted. The Court finds no clear error on the face of the record, and agrees with and adopts the Magistrate Judge's determination with respect to ground two.

   **2. Ground One**

Turning now to ground one, Petitioner, through counsel, does purport to object to the Magistrate Judge's determination in ground one, but the objection is undeveloped, perfunctory, and unsupported by any legal authority. (R. 12, PageID# 909-911).

First, Hernandez's objection states that he "disagrees with the application of [the] *Maupin* [test] and urges the rejection thereof." (R. 12, PageID# 909). The objection, however, fails to offer any cogent argument setting forth why he believes the Magistrate Judge's R&R improperly applied the *Maupin* test, opting instead for unexplained citations to cases that are not analogous. (R. 12, PageID# 910). For example, Petitioner cites the Sixth Circuit's decision in *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), which addressed the adequacy of Ohio's mechanism for the resolution of claims of illegal searches under the Fourth Amendment. Petitioner fails to explain how this decision is germane to his case. Petitioner also cites *United States v. Frady*, 456 U.S. 152, 165 (1982), in which the Court notes the Supreme Court observed that "a collateral

---

[2] The only proposition of law presented to the Supreme Court of Ohio was the argument essentially contained in ground one of the habeas petition—that "[t]he admission of other acts evidence pursuant to Evid.R. 404(B), without notice, was an abuse of discretion which deprived Appellant of a fair trial." (R. 6-1, Exh. 15, PageID# 158, 163-166).

4

challenge may not do service for an appeal." (*quoting United States v. Addonizio*, 442 U.S. 178, 184–185 (1979)). Finally, Petitioner offers a final unexplained citation to the concurring opinion in *Jackson v. Virginia*, 443 U.S. 307, 332 (1979), wherein the " 'reasonable doubt' appellate standard to overturn a conviction" is discussed. Without providing any analysis, it is unclear how any of these decisions cited by Petitioner support his objection to the R&R.[3]

Moreover, Petitioner's objections provide no meaningful analysis arguing why the R&R was erroneous. The Court cannot take such an undeveloped objection and transform it into a substantive argument without improperly becoming an advocate for Petitioner. It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.' " *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050 (1998) (same).[4]

Even giving Hernandez's objections a generous interpretation, it alleges no more than a mere disagreement with the R&R by superficially reiterating his argument in the opening briefs without pointing to any specific shortcomings in the R&R. However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r*

---

[3] The Court notes that all these decisions predate the passage of AEDPA in 1996.

[4] The *McPherson* court aptly stated: "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." 125 F.3d at 995-996 (internal citations omitted); *accord Paul v. Detroit Edison Co.*, 642 Fed. App'x 588, 592 (6th Cir. 2016); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, No. 3:15-cv-666, 2017 U.S. Dist. LEXIS 188005, *8, 2017 WL 5467152 (N.D. Ohio, Nov. 14, 2017) (declining to "add flesh to the bones of a party's skeletal ... argument") (Carr, J.).

*of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)).

The R&R has thoroughly addressed the pertinent issues. The Court finds no error in the R&R's analysis of the procedural default issue, and its discussion and application of Ohio's contemporaneous objection rule and the state appellate court's enforcement of said rule. (R. 10, PageID# 893-896). The Court further finds no error in the R&R's discussion and finding that Hernandez has failed to show cause for the default as well as actual prejudice or that a fundamental miscarriage of justice would occur. *Id*. at PageID# 896-898.

The Court further agrees with and finds no clear error with the R&R's determination that ground one fails to present a cognizable claim, as it essentially seeks to challenge a state law evidentiary ruling. (R. 10, PageID# 900-902). Notably, Petitioner's objections raise no argument with respect to the R&R's determination that ground one fails to present a cognizable claim.

Finally, the Court finds no error in the R&R's determination that Hernandez has failed to demonstrate that the state court of appeals' adjudication with respect to the issue now raised in ground one resulted in a decision that was either contrary to or an unreasonable application of clearly established federal law. The R&R correctly cites Sixth Circuit precedent for the proposition that "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.… Nonetheless, courts have defined the category of infractions that violate fundamental fairness very narrowly. Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend[ ] some principle of justice so rooted in the traditions and conscience of our people

6

as to be ranked as fundamental." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (internal quotation marks and citations omitted). The *Bugh* court observed that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Id*. at 512; *accord Thomas v. Schiebner*, 2022 WL 16755574, at *1 (6th Cir. Oct. 6, 2022) (same). Recently in *Chambers v. Artis*, 2022 WL 18542503, at *2 (6th Cir. Nov. 3, 2022), *cert. denied*, 143 S. Ct. 993, 215 L. Ed. 2d 111 (2023), the Sixth Circuit Court of Appeals, quoting *Bugh*, found that, because there is no clearly established Supreme Court precedent finding a due process violation where propensity evidence in the form of other bad acts evidence is admitted, "reasonable jurists could not debate the district court's conclusion that the admission of such evidence is not contrary to or an unreasonable application of clearly established federal law."

Again, Petitioner's objections identifies no error with respect to this finding, which the Court adopts.

### IV. Conclusion

The Magistrate Judge's Report and Recommendation (R. 10) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED with prejudice.

Furthermore, a habeas petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). While a petitioner need not demonstrate that he would ultimately prevail on the merits, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Hernandez fails to meet

this standard.

  For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

  IT IS SO ORDERED.


Date: September 21, 2023          s/ *David A. Ruiz*
                        David A. Ruiz
                        United States District Judge